UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
PIKEVILLE DIVISION

| | | |
|---|---|---|
| LAURA K. BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 7: 05-211-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| JO ANNE BARNHART, | ) | **MEMORANDUM OPINION** |
| Commissioner of Social Security, | ) | **AND ORDER** |
| | ) | |
| Defendant. | ) | |

*** *** *** ***

This matter is pending for consideration of the cross-motions for summary judgment filed by Plaintiff Laura Brown (Brown) and Defendant Jo Anne Barnhart, Commissioner of Social Security (Commissioner). [Record Nos. 8, 10] Through this action, Brown seeks to have the Court reverse the decision of an Administrative Law Judge (ALJ) concluding that she was not entitled to Supplemental Security Income payments (SSI). However, the Commissioner contends that the ALJ's decision is supported by substantial evidence and should be affirmed. For the reasons discussed below, the Court will grant the Commissioner's motion and deny the relief sought by Brown.

**I.     BACKGROUND**

Brown protectively filed an application for SSI on May 23, 2002.[1] The claim was denied initially and upon reconsideration. Thereafter, Brown requested a hearing before an ALJ. On

---

[1]     Brown has filed six prior applications for benefits.

-1-

October 21, 2003, an administrative hearing was conducted before ALJ Ronald M. Kayser in Hazard, Kentucky. During this hearing, the ALJ heard testimony from Brown and Daryl Martin, a vocational expert (VE). Thereafter, the ALJ issued a decision denying benefits to Brown. [Transcript (Tr.), pp. 24-29] Brown's request for review was denied by the Appeals Council on May 10, 2005. [Tr., pp. 14-16]

At the time of the hearing, Brown was a 42 year-old individual with a sixth grade education. [Tr., p. 125] She has past work experience as a cashier and stock clerk. [Tr., p. 27] Brown alleges disability beginning December 15, 2001, due to nerves, leg pain and swelling, stomach pain, liver problems, bleeding ulcers, hepatitis C, back and knee pain. After a careful review and evaluation of the medical evidence of record and testimony at the hearing from the Claimant and the VE, the ALJ found that Brown had the residual functional capacity to perform her past work and that she was not disabled as defined in the Social Security Act and regulations. [Tr., pp. 28-29]

##    II.    LEGAL STANDARD

A claimant's Social Security disability determination is made by an ALJ in accordance with a five-step analysis. If the claimant satisfies the first four steps of the process, the burden shifts to the Commissioner with respect to the fifth step. First, a claimant must demonstrate that she is not currently engaged in substantial gainful employment at the time of the disability application. 20 C.F.R. § 416.920(b). Second, a claimant must show that she suffers from a severe impairment. 20 C.F.R. § 416.920(c). Third, if the claimant is not engaged in substantial gainful employment and has a severe impairment which is expected to last for at least twelve

months, which meets or equals a listed impairment, she will be considered disabled without regard to age, education, and work experience. 20 C.F.R. § 416.920(d). Fourth, if the Commissioner cannot make a determination of disability based on medical evaluations and current work activity and the claimant has a severe impairment, the Commissioner will then review the Claimant's residual function capacity (RFC) and relevant past work to determine if she can do past work. If she can, she is not disabled. 20 C.F.R. § 416.920(f).

Under the fifth step of this analysis, if the claimant's impairment prevents her from doing past work, the Commissioner will consider her RFC, age, education and past work experience to determine if she can perform other work. If she cannot perform other work, the Commissioner will find the claimant disabled. 20 C.F.R. § 416.920(g). The Commissioner has the burden of proof only on "the fifth step, proving that there is work available in the economy that the claimant can perform." *Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 238 (6th Cir. 2002), (quoting *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 391 (6th Cir. 1999)).

Judicial review of the denial of a claim for social security benefits is limited to determining whether the ALJ's findings are supported by substantial evidence and whether the correct legal standards were applied. *Wyatt v. Sec'y of Health and Human Services*, 974 F.2d 680, 683 (6th Cir. 1992). The substantial evidence standard "presupposes that there is a zone of choice within which decision makers can go either way, without interference from the court." *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (*en banc*) (quotes and citations omitted).

Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Lashley v.*

*Sec'y of Health and Human Services*, 708 F.2d 1048, 1053 (6th Cir. 1983). While significant deference is accorded to the ALJ, the standard employed in these cases does not permit a selective reading of the record. Instead, "substantiality of the evidence must be based upon the record taken as a whole. Substantial evidence is not simply some evidence, or even a great deal of evidence. Rather, the substantiality of evidence must be taken into account whatever in the record fairly detracts from its weight." *Garner v. Heckler*, 745 F.2d 383, 388 (6th Cir. 1984) (citations omitted).

If supported by substantial evidence, the Commissioner's decision must be affirmed even if the Court would decide the case differently and even if the claimant's position is also supported by substantial evidence. *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004); *Garcia v. Sec'y of Health and Human Services*, 46 F.3d 552, 555 (6th Cir. 1995); *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994); *Casey v. Sec'y of Health and Human Services*, 987 F.2d 1230, 1233 (6th Cir. 1993); *Smith v. Sec'y of Health and Human Services*, 893 F.2d 106, 108 (6th Cir. 1989). Thus, the Commissioner's findings are conclusive if they are supported by substantial evidence. 42 U.S.C. § 405(g).

In determining whether the ALJ's opinion is supported by substantial evidence, courts may not "try the case *de novo*, nor resolve conflicts in evidence, nor decide questions of credibility." *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984) (citation omitted). It is the job of the ALJ to make credibility findings after listening to testimony, observing the claimant's demeanor, and evaluating the testimony in light of the written evidence. Credibility determinations are particularly within the province of the ALJ. *Gooch v. Sec'y of Health and*

*Human Services*, 833 F.2d 589 (6th Cir. 1987); *Villarreal v. Sec'y of Health and Human Services*, 818 F.2d 461, 464 (6th Cir. 1987).

### III. DISCUSSION

Brown makes numerous arguments in her brief, most of which are intertwined and none of which are separately articulated. However, after reviewing Brown's brief, it appears that she is asserting the following claims: (1) that the ALJ erred in failing to find that she had a severe back impairment; (2) that the ALJ failed to properly assess her pain and credibility; (3) that the ALJ failed to consider the combined effect of all of her impairments; and (4) that the ALJ's hypothetical to the VE was improper because it did not include all of her relevant limitations.

#### A. Severe Impairment

Initially, Brown argues that the ALJ erred by not finding that she had a severe back impairment. While the ALJ evaluated Brown's allegations of a back impairment, he found that these allegations were not substantiated by the objective medical evidence. In *Maziarz v. Sec'y of Health and Human Services*, 837 F.2d 240 (6th Cir. 1987), the Sixth Circuit addressed and rejected the contention that such action constitutes reversible error:

> Maziarz argues that the Secretary erred in failing to find that his cervical condition constitutes a severe impairment. We find it unnecessary to decide this question. According to the regulations, upon determining that a claimant has one severe impairment, the Secretary must continue with the remaining steps in his disability evaluation as outlined above. In the instant case, the Secretary found that Maziarz suffered from the severe impairment of coronary artery disease, status post right coronary artery angioplasty and angina pectoris. Accordingly, the Secretary continued with the remaining steps in his disability determination. Since the Secretary properly could consider claimant's cervical condition in determining whether claimant retained sufficient residual functional capacity to allow him to perform substantial gainful activity, the Secretary's failure to find

>that claimant's cervical condition constituted a severe impairment could not constitute reversible error.

*Id*. at 244. In the present case, the ALJ found that Brown suffered from the following severe impairments: anxiety, depression, hepatitis C and borderline intellectual function. As noted in *Maziarz*, even if the ALJ erred in not including Brown's alleged back pain and degenerative disc disease among his "severe" impairments, the error was harmless because the ALJ found that Brown suffered from other severe impairments and continued with his analysis.

### B.     *Credibility and Complaints of Pain*

Next, Brown argues that the ALJ failed to properly assess her pain and credibility. In evaluating the credibility of a claimant, the Sixth Circuit has recognized that a reviewing court should be "particularly reluctant" to substitute its judgment of the credibility of the claimant for that of the ALJ, since the ALJ has "seen the claimant in the flesh" and has had the opportunity to observe his demeanor. *Gooch*, 833 F.2d at 592. As such, the reviewing court "should show deference to the decision of the administrative law judge in assessing credibility." *Tyra v. Sec'y of Health and Human Services*, 896 F.2d 1024, 1028 (6th Cir. 1990). Further, "the ALJ is not obligated to incorporate unsubstantiated complaints into his hypotheticals." *Stanley v. Sec'y of Health and Human Services*, 39 F.3d 115, 118 (6th Cir. 1994).

The ALJ concluded that the medical evidence did not substantiate Brown's claims of disabling pain. In making this determination, the ALJ considered Brown's live testimony and whether it was corroborated by the objective medical records. The ALJ noted that she had given inconsistent statements to various physicians regarding the severity of her psychiatric symptoms. [Tr., p. 28] The ALJ further noted that Brown indicated that her activities included working in

her flower garden, cooking, cleaning, fishing, hiking and making crafts. Notably, these hobbies are inconsistent with disabling symptoms. Because some of her complaints were unsubstantiated, the ALJ was within his discretion in discounting some of Brown's testimony.

Having reviewed the record in its entirety, the Court finds that the ALJ's findings regarding the severity of Brown's impairments and their effect on her abilities is supported by substantial evidence. Further, the ALJ gave a thorough explanation for his reasons for not giving full credit to her subjective complaints in his decision. In summary, the ALJ did not err in assessing Brown's credibility and complaints of pain.

### C. *Combined Impact of Impairments*

Brown further argues that the ALJ failed to consider the combined effects of all of her alleged ailments. However, the record demonstrates that the ALJ carefully considered all of the evidence in the record and considered the Claimant's physical and mental impairments in combination. The ALJ specifically concluded that the "claimant has severe *impairments* in the form of anxiety, depression, hepatitis C, and borderline intellectual function (BIF)." [Tr., p. 25 (emphasis added)] Further, after "careful consideration of the entire record," the ALJ determined that Brown did not have "an impairment or combination of impairments severe enough to meet or equal the requirements for any impairment in the Listing of Impairments." [Tr., p. 25] This is sufficient to demonstrate that the ALJ considered the combination of ailments. *Gooch*, 833 F.2d at 591-92.

### D. *Information Presented to the VE / Improper Hypothetical*

Finally, Brown asserts that the hypothetical question posed to VE was improper because it did not include all of her physical limitations. In *Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235 (6th Cir. 2002), the Sixth Circuit reversed the Commissioner's denial of benefits because a faulty hypothetical question did not accurately describe the claimant's abilities. As the Court noted, hypothetical questions posed to VEs for the purpose of determining whether a claimant can perform other work should be a complete and accurate assessment of the claimant's physical and mental state which should include an "accurate portrayal of her individual physical and mental impairments." *Id*. at 239; *Varley v. Sec'y of Health and Human Services*, 820 F.2d 777, 779 (6th Cir. 1987); *Myers v. Weinberg*, 514 F.2d 293, 294 (6th Cir. 1975).

Where a hypothetical question fails to describe accurately the claimant's physical and mental impairments, the defect can be fatal to the VE's testimony and the ALJ's reliance on it. An ALJ, however, is not required to restate verbatim a medical report to a VE in order to accurately state a claimant's relevant impairments. *See Higgs v. Bowen*, 880 F.2d 860, 863 (6th Cir. 1988). Thus, the central question is not whether the hypothetical question posed to the VE recounts all of the medical findings, impairments and conditions, but whether it is a fair, complete and accurate summation regarding the claimant's abilities and overall mental and physical state, based upon the available evidence and testimony. *See Foster v. Halter*, 279 F.3d 348, 356 (6th Cir. 2001); *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001); *Felinsky v. Bowen*, 35 F.3d 1027, 1036 (6th Cir. 1994); *Davis v. Sec'y of Health & Human Services*, 915 F.2d 186, 189 (6th Cir. 1990); *Higgs*, 880 F.2d at 863; *Varley*, 820 F.2d at 779. Moreover,

merely because a claimant was diagnosed with a condition does not mean such diagnoses must be included in a hypothetical. The medical evidence must support such a diagnosis and must support a finding that the diagnosis causes functional debilitation. *Id*.

More recently, the Sixth Circuit squarely addressed Brown's argument that the hypothetical to the VE was deficient because it did not list all of her ailments. In *Webb v. Comm'r of Soc. Sec.*, 368 F.3d 629 (6th Cir. 2004), the court held that:

> there is some confusing language in *Howard* that could conceivably be viewed as requiring that hypothetical questions include lists of claimants' medical conditions. However, we conclude that, given the facts present in *Howard*, that language is not part of its holding, nor can it be so construed if *Howard* is to be read to be consistent with the holdings of our prior decisions.

*Id*. at 631-32. Thus, an ALJ is *not* required to present an exhaustive list of a claimant's medical conditions to the VE in his hypothetical. As the *Webb* court noted,

> [t]he vocational expert's testimony is directed solely to whether, given a claimant's age, experience, and education, *along with the ALJ's assessment of what she "can and cannot do,"* there exist a significant number of employment opportunities for her in the regional and national economies. The vocational expert is not expected to evaluate the claimant's medical conditions in making this determination. Indeed, vocational experts are not required to have any medical training, so any evaluation of medical evidence they perform would be outside their area of expertise.

*Id*. at 633 (emphasis added).

Here, the ALJ presented the following hypothetical to the VE:

> If you have an individual–at the time she filed her application, 41, fifth-grade education (sic). Testing reveals borderline intellectual functioning. Assume a hypothetical individual would be able to perform simple, repetitive tasks in a simple, routine setting with no restrictions on lifting and carrying, moderate limitations with ability to carry out detailed instructions, moderate limitation with respect to schedule to schedule, maintaining regular attendance and being punctual within customary tolerances, moderate ability to get along with

>  coworkers and peers without distracting them or exhibiting behavioral extremes, moderate limitation in the ability to respond to changes in the work setting.

[Tr., p. 591] Based on these limitations, the VE opined that Brown could perform her prior work as a stock clerk. The VE also stated that there were other unskilled, medium-level jobs that an individual with these limitations was capable of performing. Having reviewed the objective medical evidence of record, the Court finds that these limitations were sufficient to impart the relevant medical information to the VE and allowed the VE to offer an informed opinion regarding Brown's ability to find employment.

## IV. CONCLUSION

Based on the analysis set forth above, the Court concludes that the ALJ's decision – which is the final decision of the Commissioner – is supported by substantial evidence. Accordingly, it is hereby **ORDERED** as follows:

1. The Claimant's Motion for Summary Judgment [Record No. 8] is **DENIED**;

2. The Commissioner's Motion for Summary Judgment [Record No. 10] is **GRANTED**; and

3. The administrative decision will be **AFFIRMED** by separate judgment entered this date.

This 31st day of January, 2006.



Signed By:
*Danny C. Reeves* DCR
United States District Judge